IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH HARRIS, # 32722-044, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1207-DRH |
| ) | |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in the Federal Prison Camp at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of her sentence. The petition was filed on November 1, 2012, in the Eastern District of Missouri, where petitioner was convicted, and was transferred to this Court on November 28, 2012 (Doc. 3). This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Petitioner was convicted on July 20, 2006, of conspiracy to distribute and possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *United States v. Harris*, No. 4-cr-00008 (E.D. Mo., Doc. 61). She was sentenced to 130 months imprisonment, five years supervised release, and was ordered to pay a $100 special assessment. Her petition

asserts that she has a projected release date of June 19, 2014 (Doc. 1, p. 1). As relief, she seeks an order requiring the Federal Bureau of Prisons ("BOP") to consider her application for placement in a Residential Re-Entry Center ("RRC") for the maximum allowable final 12 months of her sentence. However, she includes no documentation to indicate that she has even initiated any application for RRC placement, let alone received any response from prison officials.

The petition argues that, despite enactment of the Second Chance Act of 2007, former BOP Director Harley Lappin[1] has persisted in following a policy to allow only a maximum of six months RRC placement for BOP inmates, rather than the maximum 12 months as provided in the Act (Doc. 1, pp. 2-5, 7). *See* 18 U.S.C. § 3624(c)(1). Further, an RRC application will not be considered until the inmate is 17 to 19 months away from her release date (Doc. 1, pp. 3, 17). Because of the length of time needed for an inmate to exhaust the BOP administrative remedy procedure (estimated at four to six months or longer), by the time an inmate completes her appeal after a denial of RRC placement, she often will have reached her release date and the RRC placement request will have become moot (Doc. 1, pp. 10, 16). For this reason, the Court is urged to waive the exhaustion requirement and grant habeas relief.

The petition submitted in this case is clearly a copy of a petition initiated by some other prisoner, and altered slightly into a form that may be used by new petitioners. The only individual information that is particular to petitioner is on the first page (where she has inserted her name and conviction information) and signature page. While there is nothing wrong with this approach in general, the copied allegations on page 17 present a problem that may violate

---

[1] Former Director Lappin was replaced on December 21, 2011, by current Director Charles E. Samuels, Jr., according to the BOP website. Http://www.bop.gov/about/co/director_bio.jsp (last visited Dec. 17, 2012).

Federal Rule of Civil Procedure 11.[2] In reference to the request for RRC placement, the document states that "he [petitioner] filed Administrative Remedies before the appropriate time frame, and General Counsel responded as follows:"

> " . . As a result of the Second Chance Act of 2007, you will be reviewed for RRC placement by your unit team between 17-19 months of your projected release date. If you are not satisfied with the recommendation by staff when rendered, you may initiate a Request for Administrative Remedy at your local institution." (Administrative remedy Response No. 477229-AL, by Harrell Watts dated May 19, 2008). Mr. Watts is the National Inmate Appeals Administrator.

With this statement, petitioner is asserting that she applied for RRC placement some time prior to May 2008, and received the quoted administrative remedy response dated May 19, 2008. Because petitioner will not become eligible to begin a 12-month RRC placement until June 17, 2013, it seems highly unlikely that she would have initiated an RRC placement request nearly five years before it might conceivably have been granted. If this factual contention is not true, petitioner must amend her pleading to correct the misstatement. Equally important, if the Court is to consider any waiver of the requirement to exhaust BOP administrative remedies before initiating a habeas action, the Court must be informed of what attempts petitioner has made to obtain relief through administrative action.

Accordingly, petitioner is **ORDERED** to submit an amended petition **on or before January 23, 2013**. The amended petition shall include complete and accurate information regarding the steps she has taken to seek RRC placement and the response, if any, she has received from prison officials. The amended document shall be designated "First Amended Petition" and shall supersede and replace the original petition (Doc. 1). *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept

---

[2] Rule 11 provides, in part, that by presenting a paper to the court, a party certifies that to the best of her knowledge, information and belief: "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]" FED. R. CIV. P. 11(b)(3).

piecemeal amendments to the original petition.  Thus, the First Amended Petition must stand on its own, without reference to any other pleading.  Failure to file an amended petition shall result in the dismissal of this action without prejudice.  Further, petitioner is advised that the only proper respondent in a habeas action filed by a prisoner is her custodian (the prison warden).  *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996).

In order to assist petitioner in preparing her amended petition, the Clerk is **DIRECTED** to mail Plaintiff a blank form petition for a writ of habeas corpus under 29 U.S.C. § 2241, along with instructions.

**IT IS SO ORDERED.**

**DATED:   December 18, 2012**

David R. Herndon
2012.12.18
15:40:14 -06'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**