IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIZABETH HARRIS, # 32722-044,

    Petitioner,

vs.                                       Case No. 12-cv-1207-DRH

UNITED STATES of AMERICA,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    This matter is before the Court for preliminary review of the amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 6), filed on January 23, 2013. The amended petition was filed in response to this Court's order of December 19, 2012 (Doc. 5). Petitioner has now paid the required filing fee for this action.

    Petitioner, now 70 years of age, was sentenced in July 2006 to 130 months in prison after her conviction for conspiracy to distribute and possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *United States v. Harris*, No. 4-cr-00008 (E.D. Mo., Doc. 61). She will be eligible for home confinement as of December 17, 2013, and is projected to complete her sentence on June 17, 2014. Petitioner has applied for the maximum available 12-month placement in a Residential Re-entry Center ("RRC"), or halfway house, which could begin as early as June 2013. Her petition seeks an order granting

her the full 12 months in an RRC.

Although petitioner initially applied for RRC placement on October 22, 2012, and renewed her request on January 2, 2013, she has received no individual decision on her application (Doc. 6, pp. 2-3; Doc. 6-1, pp. 2-4). The only response she has received was a memorandum issued to all inmates on January 3, 2013 (Doc. 6-1, p. 1). This memo states that an inmate requesting "additional" RRC placement under the Second Chance Act (which allows up to 12 months of RRC time) will receive a decision on that request "when you sign your RRC referral paperwork." There is no indication as to when that event may take place.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of her continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   January 29, 2013

Digitally signed by
David R. Herndon
Date: 2013.01.29
09:29:48 -06'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**