IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIZABETH HARRIS,

    Petitioner,

v.                                  Case No12-1207-DRH-PMF

JAMES N. CROSS,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

### Introduction and Background

Petitioner Elizabeth Harris, currently incarcerated at Greenville Federal Prison Camp ("Greenville FPC"), brings this amended habeas corpus petition pursuant to 28 U.S.C. § 2241 (Doc. 6). Harris alleges that the Warden at Greenville FPC refuses to assess properly her halfway house, or Residential Reentry Center ("RRC"), placement and is thus violating her constitutional right to due process. Respondent Cross opposes the petition (Doc. 13). Based on the following, the Court **ADOPTS** the Report and Recommendation and **DISMISSES without prejudice** this cause of action.

Harris was convicted on July 20, 2006 in the Eastern District of Missouri for conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Ultimately, Harris was sentenced to a total of 130 months imprisonment. *See United States v. Harris*,

No. 4:06-cr-00008-HEA-2 (E.D. Mo. Doc. 61).  Harris states her projected release date is June 17, 2014.

Harris' amended § 2241 petition was filed on January 23, 2013 (Doc. 6). Harris alleges, "The Warden, Mr. James N. Cross, the Camp Administrator, Mr. Terry Mead and the Unit Counselor, Pamela Stroud are trying to run [her] home detention eligibility date of 6 months…concurrent with [her] RRC placement…instead of consecutive to [her] home detention eligibility date" (Doc. 15, p. 3).  The recommended RRC placement date is November 20, 2013, but Harris claims that "she is going to need more than 28 days in an RRC in order to obtain employment [and] housing" *Id*.  Thus, Harris alleges that she was not considered for pre-release community confinement in a manner consistent with 18 U.S.C. Section 3621(b) because the recommended date of November 20, 2013 would not allow for a sufficient duration that would provide the greatest likelihood of successful reintegration into the community (Doc. 17, p. 4).

Harris alleges that the statute "mandates" RRC placement for up to 12 months (Doc. 17, p. 3).  However, after filing the instant writ of habeas corpus seeking additional RRC placement on November 1, 2012, and an amended petition on January 23, 2013, Harris was informed on March 27, 2013 that her original 6 month RRC placement is being extended for one month.  Harris claims that no further analysis was conducted after receiving her term of 7 months placement in a RRC or home confinement, which is set to begin on November 20, 2013 (Doc. 17, p. 3).  Ms. Harris then filed a reply brief on April 11, 2013, wherein she

indicates that she would like this Court to order the BOP to implement the maximum 12-month RRC placement under the Second Chance Act. *See* Doc. 15. Although an additional month RRC placement was granted to Ms. Harris, she continues to argue for the maximum 12 months. *See id*. at 5. Furthermore, Ms. Harris admits that she did not pursue any BOP administrative remedies. *Id*.

Magistrate Judge Frazier, in his Report filed on May 8, 2013, recommended that Ms. Harris' petition be denied and her habeas litigation be dismissed because of her failure to exhaust all of her administrative remedies (Doc. 16). Therefore, the Report recommends that the Court deny Ms. Harris' 28 U.S.C. § 2241 petition for writ of habeas corpus. On May 22, 2013, Ms. Harris filed objections to the Report (Doc. 17). Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## Legal Standard

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080

(7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Under 18 U.S.C. § 3642(c) (the Second Chance Act,) the Bureau of Prisons (BOP) has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id*.

The plain language of the Act establishes that inmates are not entitled to the full 12 months of placement in a RRC. § 3624(c) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community. *Id*. The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available.

In exercising this discretion, the BOP must make its decision on an individual basis, and in a manner consistent with 18 U.S.C. § 3621(b), in order to "provide the greatest likelihood of successful reintegration into the community" 28 C.F.R. § 570.22. 18 U.S.C. § 3621(b) lists the following factors to be considered in the BOP's evaluation:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). A court's review of the BOP's RRC placement decision is limited to an abuse of discretion. *See Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012).

However, before the Court can conduct this limited review, it must address the issue of exhaustion. Concerning the requirement to exhaust administrative remedies in the § 2241 context, the Seventh Circuit notes that there is no statutory exhaustion requirement in § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-19 (7th Cir. 2004) (citing *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)). "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).[1] Exhaustion may be excused when: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative

---

[1] As the Seventh Circuit notes in *Gonzalez*, *McCarthy* has been superseded by the PLRA to the extent it held that federal prisoners seeking monetary damages in a *Bivens* action are not required under 42 U.S.C. § 1997e to exhaust administrative remedies provided by the Bureau of Prisons. However, *McCarthy*'s principle that when exhaustion is not statutorily mandated, "sound judicial discretion governs," 503 U.S. at 144, remains good law, as does its further admonitions on how that discretion should be utilized. *See, e.g., Zephyr Aviation L.L.C. v. Dailey*, 247 F.3d 565, 570-73 (5th Cir.2001). *Gonzalez*, 355 F.3d 1010, 1016 n. 5.

process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir.2002) (internal quotations and citations omitted).

## Application

Ms. Harris requests that this Court order the BOP to reevaluate or give her the maximum amount of time in a half-way house. Ms. Harris has refused to initiate an administrative appeal of her RRC placement decision as she believes the administrative process and exhaustion of her administrative remedies would be futile.

First, the Court notes that it does not appear to have the authority to order immediate RRC placement. *See Michael v. Shartle*, 2010 WL 2817223, *3 (N.D. Ohio July 16, 2010) ("This Court does not have the authority to decide RRC placement, a decision that is discretionary. At best, the Court could order the BOP officials to consider Michael for placement."). Regardless, the Court shall not exercise its discretion to excuse exhaustion in Ms. Harris' case, as she admits that she has not attempted to pursue her administrative remedies beyond filing an Objection to the Report and Recommendation on May 22, 2013.[2] Although Ms. Harris alleges that the administrative remedy process would have been futile in

---

[2] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10 *et seq.* An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, she must file a BP-9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP-10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP-11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

her case, this Court agrees with the Report that if Ms. Harris "had begun the process in November 2012…a complete administrative record should have been available for the Court to review." (Doc. 19, p. 2). However, Ms. Harris did not attempt to pursue her administrative remedies with regard to her RRC placement.

Ms. Harris' response to the Report presents a reasonable argument for additional RRC placement. However, Ms. Harris should have filed a BP-9 to initiate the administrative remedy process or she could have sought an expedited administrative appeal. Without any attempt to initiate her administrative remedies in any capacity consistent with the procedures set forth in 28 C.F.R. § 542.10, Ms. Harris has left this Court with nothing more that Ms. Harris' own allegations and speculation in support of her petition. Under these circumstances, the Court will not excuse Ms. Harris' failure to exhaust her administrative remedies. On this basis, the Court **DENIES** the petition and **DISMISSES without prejudice** for failure to exhaust.

**IT IS SO ORDERED.**

Signed this 22nd day of July, 2013.

Digitally signed by David R. Herndon
Date: 2013.07.22 16:32:08 -05'00'

**Chief District Judge**
**United States District Court**